IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-67,617-02






EX PARTE ANTHONY MARES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 24573 IN THE 3RD DISTRICT COURT


FROM ANDERSON COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery and sentenced
to ninety-nine years' imprisonment. The Twelfth Court of Appeals affirmed his conviction. Mares v. State,
No. 12-99-00278-CR (Tex. App.-Tyler, delivered March 31, 2000, no pet.).

 Applicant contends that the State failed to disclose that before trial the complainant told Jeff
Herrington, then the Anderson County District Attorney, that the person who shot him was unfamiliar with
the use of the gun and also the shorter of the persons he encountered during the robbery. 

 Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional
facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the
trial court is the appropriate forum for findings of fact. The trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 Applicant appears to be represented by counsel. If he is not and the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. Tex. Code
Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the complainant made a statement to
Herrington before trial. If so, the trial court shall making findings as to whether the statement was disclosed
to Applicant and, if not, whether it was favorable and material. Brady v. Maryland, 373 U.S. 83 (1963).
The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 




Filed: February 13, 2008

Do not publish